UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHANIE MORRIS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-613-XR |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORDER

Plaintiff appeals the January 18, 2011 order (Docket Entry No. 22) of  Magistrate Judge Mathy.  Plaintiff filed objections to the order on January 27, 2011 (Docket Entry No. 23), and Defendant filed a response to the objections on February 7, 2011 (Docket Entry No. 26).  After careful consideration, the Court OVERTURNS the Magistrate Judge's Order.

The standard of review for pre-trial matters decided by a Magistrate Judge and appealed to the District Court is found in Rule 72 of the Federal Rules of Civil Procedure. FED. R. CIV P. 72(a). Rule 72  provides in part:

> The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

*Id.*; *see also* 28 U.S.C. §636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

The Magistrate Judge's order found that:

1. The Fifth Circuit's recent decision in *Crosby v. Louisiana Health Service and Indemn. Co.*, 629 F.3d 457 (5th Cir. 2010) is not applicable to this case. *Crosby* involves federal ERISA claims, whereas the present case raises claims under Texas statutes and common law.

1

2.   Even if *Crosby* were to apply, Plaintiff has failed to show how the evidence she seeks to compel is comparable to the discovery discussed in *Crosby*. She has not demonstrated that the evidence is relevant to and admissible for questions of whether coverage should have been afforded, how coverage was determined in the past, whether information would assist the Court in understanding medical terms and procedures, whether the record was complete, whether procedural requirements were complied with, and whether coverage was allowed in the past for similar medical conditions. *See Crosby*, 629 F.3d at 461-62.

3.   With the exception of requests for production nos. 23 and 54, Plaintiff has not demonstrated why the discovery she seeks is relevant to her claims, or why the discovery responses already provided by Defendant were insufficient.

4.   In response to Plaintiff's request for production of Standard's policies and procedures, Standard has produced the index to its claims manual to allow Plaintiff to identify any section that may be relevant to her claim, to avoid producing thousands of irrelevant pages, and Plaintiff has not yet requested any particular portions of the manual.

Generally, the federal rules permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). A discovery request is relevant if it seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004).

The Court finds that the Magistrate Judge's Order erred in deciding that the *Crosby* decision does not apply to this case. Although *Crosby* was an ERISA case, it raised similar issues regarding benefits, and entailed similar evidence relating to the process of evaluating and approving or denying claims. The Fifth Circuit found that information regarding the defendant's past coverage determinations regarding similar medical conditions as that suffered by the plaintiff was relevant. *Crosby*, 629 F.3d at 461. Accordingly, it held that discovery of such information was permitted. *Id.* Nothing in the opinion indicates that this decision relates to the specific circumstances of ERISA claims as opposed to other situations regarding the determination of medical claims. In fact, it notes that the ERISA administrative record may not contain all discoverable information relating to a claim determination. *Id.*

The information sought by Plaintiff in Interrogatory Nos. 2, 4 and 18, and Request Nos. 12, 19, 20, and 27-31 is relevant as it relates to Defendant's previous decision of coverage on claims similar to Plaintiff's. Plaintiff asserts claims of bad faith denial of coverage, misrepresentation

2

regarding extent of coverage, delay and failure to provide reasonable explanation for the denial, and failure to adopt and implement reasonable standards for investigation of claims.[1]  Similar to the information sought in *Crosby*, Plaintiff's requests relate to how coverage was determined, whether coverage should have been afforded including whether coverage was allowed in the past for similar medical conditions, and whether procedural requirements were complied with.  *See Crosby*, 629 F.3d at 461-62.  This information is relevant to the elements of Plaintiff's asserted claims.  At the very least, it is likely to lead to the discovery of admissible evidence.

Furthermore, Defendant has only produced an index to its claim manual in response to Request Nos. 7 and 8, asserting that Plaintiff can identify the relevant sections relating to this dispute.  As the manual may contain evidence relevant to Plaintiff's claims, Defendant is ordered produce the sections of the manual that are relevant, or the manual in its entirety.

It is therefore ORDERED that the January 18, 2011 order of the United States Magistrate Judge is AFFIRMED IN PART and DENIED IN PART.  Defendant is ORDERED to produce responses to Interrogatory Nos. 2, 4 and 18, and Request Nos. 7, 8, 12, 19, 20, and 27-31  Defendant is also ORDERED to produce responses to request numbers 23 and 54 in accordance with the Magistrate Judge's Order.

It is so ORDERED.

SIGNED this 9th day of March, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1]Pl.'s Compl. at 2-4.

3